IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LARRY DEAN NAVE, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 11-673-LPS |
| COMM. CARL DANBERG, et al., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's motion to correct the order of payment (D.I. 38) and motion for preliminary injunction (D.I. 41) with supporting exhibit (D.I. 50). For the reasons given below, the Court will deny the motions.

**I.     BACKGROUND**

Plaintiff Larry Dean Nave ("Plaintiff") filed this action on August 1, 2011, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (D.I. 3, 11) Plaintiff is incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware, appears *pro se*, and has been granted leave to proceed *in forma pauperis*. (D.I. 5) On July 12, 2012 he filed a motion to correct the order of payment, and on August 21, 2012 he filed a motion for preliminary injunction.

**II.    ORDER OF PAYMENT**

Plaintiff alleges that the prison business office is incorrectly deducting monies from his prison trust account when making filing fee payments. (D.I. 38) He asks the Court to issue a new order to reflect the perceived incorrect accounting practice. The motion is DENIED. The

1

order is correct as entered.

### III. INJUNCTIVE RELIEF

#### A. Legal Standards

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. Apr. 24, 2009) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

#### B. Discussion

##### 1. Retaliation

Plaintiff claims retaliation for filing the instant action occurred on unspecified dates by "someone listed in this civil action" when Sgt. Gill ("Gill") visited Plaintiff's housing unit, even though Gill is not assigned there. Plaintiff contends that Gill attempted to provoke Plaintiff into a physical altercation. Plaintiff clams that C/O Map called him a snitch on an unspecified date. Neither Gill nor Map are defendants in this action. For relief, Plaintiff seeks a transfer to a different correctional institution.[1] Defendants respond that injunctive relief is not appropriate

---

[1] The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *See Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. Apr. 26, 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution, whether it be inside or outside the state

because Plaintiff has failed to demonstrate the required elements.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). Proof of a retaliation claim requires a plaintiff demonstrate that: (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *See Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (citing *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). The causation element requires a plaintiff to prove either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503-04 (3d Cir. 1997).

Gill's alleged acts do not rise to the level of a constitutional violation. Allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. *See Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him). Similarly, verbal abuse of a prisoner is not actionable under 42 U.S.C. § 1983. *See Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. Oct. 9, 2009); *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats not Eighth Amendment violation); *Murray v. Woodburn*, 809 F.Supp. 383, 384 (E.D. Pa. 1993); *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights).

Plaintiff's claim that Map called him a snitch is not so easily resolved. There can be

---

of conviction. *See Olim v. Wakinekona*, 461 U.S. 238, 251 (1983).

serious implications in being labeled a "snitch" in prison. *See Blizzard v. Hastings*, 886 F. Supp. 405, 410 (D. Del. 1995) (snitch label "can put a prisoner at risk of being injured"). Nonetheless, Map is not a defendant and, as discussed below, a causal connection is lacking.

Plaintiff engaged in protected activity when he filed the instant lawsuit. However, the retaliatory acts complained of were not taken by any named defendant. By Plaintiff's admission, he has no facts that any defendant encouraged the behavior of Gill or Map; he merely posits that Gill and/or Map acted in the alleged manner upon direction by others. Finally, causation is not demonstrated because it is unclear when the alleged acts took place.

For the above reasons, the Court finds that Plaintiff has failed to demonstrate the likelihood of success on the merits. Nor is there indication that, at the present time, Plaintiff is in danger of suffering irreparable harm. Therefore, the Court will deny the motion (D.I. 41).

### 2. **Medical**

Plaintiff's exhibit, submitted in support of his motion, refers to a medical condition that Plaintiff believes "could result in [his] death." (D.I. 50) Plaintiff was diagnosed with a cyst on his kidney. Plaintiff claims that he is not provided with test results, that prison physicians lie to him, and that his medical grievances are not addressed. He is concerned "due to the family history of deaths in his family due to cancer." He states that he "may have cancer" and the "sooner it is treated the better chance he has to live."

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). However, in order to set forth a cognizable claim, an inmate must allege: (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate

indifference to that need. *See Estelle*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment," as long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (internal quotation marks omitted). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and that options available to medical personnel were not pursued. *See Estelle*, 429 U.S. at 107.

It is apparent from Plaintiff's filings that he is receiving treatment for his medical condition and is followed by a treatment plan. Based upon the filings, the Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits with regard to his concerns over medical treatment. Nor is there indication that, at the present time, Plaintiff is in danger of suffering irreparable harm.

## IV. CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Correct the Order of Payment (D.I. 38) is DENIED.
2. Plaintiff's Motion for Preliminary Injunction (D.I. 41) is DENIED.

Dated: February 28, 2013

UNITED STATES DISTRICT JUDGE